Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
FAMEFLYNET, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAMEFLYNET, INC.., <br><br> *Plaintiff*, <br><br> vs. <br><br> TIME INC., and DOES 1 through 10, <br><br> *Defendants*. | Case No. 2:17-cv-6493 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> *Jury Trial Demanded* |

Plaintiff FameFlynet, Inc., for its Complaint against Defendant Time Inc., and Does 1 through 10, alleges as follows:

1. This is an action for copyright infringement brought by plaintiff, the holder of the copyright to the photograph described below, against all defendants for uses of plaintiff's photograph without authorization or permission.

**JURISDICTION AND VENUE**

2. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright law of the United States.

3. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

1

COMPLAINT

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), § 1338 (copyright), and 17 U.S.C. § 1203 (alteration or removal of copyright management information).

5. This Court has personal jurisdiction over defendant Time Inc. because, on information and belief, it is doing business in the State of California and in this judicial district, and it has an office in this judicial district.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

## PARTIES

7. Plaintiff FameFlynet, Inc. is an entity organized and existing under the laws of the State of California with its principal place of business in Beverly Hills, California, in this judicial district.

8. Plaintiff is a photo agency that boasts a network of hundreds of contributing photographers worldwide, including in the United States, and maintains a large library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and entertainment.

9. FameFlynet licenses candid celebrity photo and video content to the world's premier entertainment print, online and broadcast media outlets throughout the world, including in the United States and in California.

10. Defendant Time Inc. is a multi-national mass-media corporation based in New York. Time owns and publishes over 100 magazine brands, including its flagship *Time* and the popular *Sports Illustrated*. On information and belief, Time maintains an office in the Brentwood/West Los Angeles area of Los Angeles, in this judicial district.

11. Time also owns and operates many related media websites, including the *Sports Illustrated* website accessible at www.si.com, which is consistently ranked by web-traffic monitors as among the top websites in the United States and the world,

and among the top 50 in its category. Time also maintains a presence on social media, including the Facebook page located at https://www.facebook.com/SportsIllustrated/.

12. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed plaintiff's copyrights, have contributed to the infringement of plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged in this Complaint. The true names of defendants 1 through 10 are currently unknown to plaintiff, which therefore sues them by fictitious names and will seek leave to amend this Complaint to show their true names and capacities when that has been ascertained.

13. Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining defendants and was at all times acting within the scope of such relationship, or actively participated in or subsequently ratified and adopted each of the acts alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of plaintiff's rights and damages to plaintiff proximately caused by such violation.

**BACKGROUND FACTS**

14. Plaintiff is the owner and copyright holder of a photographic images (the "Photograph") that is part of a series of photos depicting celebrity Justin Bieber playing pick-up basketball in Venice, California.

15. The Photograph has been registered with the United States Copyright Office as Group Registration No. VA 2-047-082 (effective May 13, 2017) in compliance with the Copyright Act, 17 U.S.C. §§ 101 et seq. A copy of the Certificate of Registration is attached as Exhibit A.

16. The Photograph was created by author Eduardo Pimental as a work for hire and was licensed for limited use to *The Daily Mail*, which published it, along with others in the same series, on February 23, 2017. The image published by *The*

1  *Daily Mail* contained copyright management information ("CMI") at the bottom left,
2  in the form of a copyright notice stating "© Rocstar/FAMEFLYNET PICTURES."
3       17.    The Photograph was also licensed for limited use to the pop culture
4  website *Just Jared*, which also published it on February 23, 2017.
5       18.    Plaintiff never licensed the Photograph to defendants. Nevertheless,
6  defendants used, and continue to use, the Photograph without authorization or
7  permission from plaintiff to do so.
8       19.    Specifically, Time copied the Photograph and published it to its website
9  *SI.com* on February 23, 2017. The Photograph appeared at the *SI.com* website at the
10 following URL: https://www.si.com/extra-mustard/2017/02/23/justin-bieber-playing-
11 pickup-basketball-venice-beach.
12      20.    The *SI.com* website where Time posted the Photograph contained a
13 feature that allowed readers to "share" the website with friends and followers on
14 various social media applications. On information and belief, the website containing
15 the infringing Photograph was shared an unknown number of times by *SI.com*
16 readers.
17      21.    Time published the *SI.com* article containing the Photograph to its
18 Sports Illustrated Facebook page at the following URL:
19 https://www.facebook.com/SportsIllustrated/posts/10154208643701367.
20      22.    The Facebook page where Time posted the Photograph contained a
21 feature that allowed readers to "share" the post with their Facebook friends and
22 followers. Time's Facebook post containing the infringing Photograph was shared at
23 least once by Time's Facebook followers.
24      23.    On information and belief, the copy of the Photographs that Time
25 distributed on *SI.com* and Facebook had been altered to remove the CMI showing
26 plaintiff as the copyright owner of the image.
27      24.    The Photograph is highly creative, distinctive, and valuable. Because of
28 Bieber's celebrity status, and the Photograph's quality and visual appeal, plaintiff

(and the photographer it represents) stood to gain licensing revenue from licensing the Photograph.

25. But defendants' unauthorized use harms the existing and future market for the original Photograph. Time's *SI.com* article was immediately viewable by all of *Sports Illustrated*'s readers on a website that consistently receives over 20 million visits per day. The readers of *SI.com*, consumers of sports and entertainment news would otherwise be interested in viewing licensed versions of the Photographs in the magazines and newspapers that are plaintiff's customers.

26. Similarly, defendants' Facebook post was immediately viewable by Sports Illustrated's nearly 3 million followers and others who would be interested in viewing licensed versions of the Photograph in the magazines and newspapers that are plaintiff's customers.

27. In addition, defendants' unauthorized use is commercial in nature. Time is in the business of producing and publicizing sports and entertainment content for a profit.

28. At the time that defendants copied and distributed the Photograph, they knew or should have known that they did not have authorization or permission to do so.

29. Defendants did not disclose their unauthorized uses of the Photograph to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of defendants' authorized uses, their infringements would still be concealed.

## CLAIM ONE

### (For Copyright Infringement – Against All Defendants)

30. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

31. The foregoing acts of defendants constitute infringement of plaintiff's copyrights in the Photograph in violation of 17 U.S.C. §§ 501 et seq.

32. Plaintiff suffered damages as a result of defendants' unauthorized use of the Photograph.

33. Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement –
### Against All Defendants)

34. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

35. Plaintiff is informed and believes and on that basis alleges that defendants knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Photographs.

36. Defendants, and each of them, are vicariously liable for the infringement alleged above because, on information and belief, they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

37. By reason of each of the defendants' acts of contributory and vicarious infringement as alleged above, plaintiff has suffered substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

38. Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory

damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM THREE

### (For Falsification of Copyright Management Information in Violation of 17 U.S.C. 1202 – Against All Defendants)

39. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

40. On information and belief, defendants, or someone working on their behalf, removed CMI from the Photograph without authorization of plaintiff or the law and then distributed the Photograph, with the CMI removed, without the authorization of plaintiff or the law.

41. On information and belief, defendants' removal of the CMI from the Photograph was intentional, and defendants' distribution of the Photograph was with knowledge that the CMI had been removed without authorization.

42. Defendants' actions alleged above constitute a violation of 17 U.S.C. § 1202.

43. Plaintiff has suffered damages as a result of defendants' violation of 17 U.S.C. § 1202.

44. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

B. For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. Under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of plaintiff's Photograph or, where applicable and at plaintiff's election, statutory damages;

E. Under 17 U.S.C. § 1203, for actual damages for the unauthorized alteration or removal of copyright information or, where applicable and at plaintiff's election, statutory damages of not less than $2,500 or more than $25,000.

F. For an award of pre-judgment interest as allowed by law;

G. For reasonable attorney fees;

H. For court costs, expert witness fees, and all other costs authorized under law;

I. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: August 23, 2017         Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
      Peter E. Perkowski

Attorneys for Defendant
FAMEFLYNET, INC.